# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MARCUS FOSTER**                                                **PLAINTIFF**

**VERSUS**                                           **CAUSE NO. 2:23cv115-KS-MTP**

**FORREST COUNTY JAIL**                               **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Marcus Foster initiated this action on August 10, 2023. At the time, he was a pretrial detainee at the Forrest County Jail.

The next day, the Court ordered Foster to either pay the filing and administrative fees, or amend his application to proceed *in forma pauperis*, by September 11, 2023. Having received no response, on September 25, the Court entered the Order to Show Cause [4]. The Court ordered Foster to either pay the fees, amend his *ifp* application, or show cause, by October 10, why the case should not be dismissed for failure to obey an Order [3] of the Court.

Still receiving no response, the Court entered the Second Order to Show Cause [5], on October 25, 2023, giving Foster another chance to comply.

All Orders were sent to Foster's address of record, and only the first Order to Show Cause was returned as undeliverable. To date he has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned him that failure to prosecute or comply, including keeping the Court apprised of his address, may lead to the dismissal of this case. (2d Order to Show Cause at 1); (Order to Show Cause at 1); (Order [3] at 1-2). It is apparent from Foster's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or

obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint or appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of November 2023.

/s/Keith Starrett
UNITED STATES DISTRICT JUDGE